(July 7, 1915.)

## JOHN THOMAS, Plaintiff, v. THE CITY OF GOODING, a Municipal Corporation, et al., Defendants.

[149 Pac. 1064.]

PROHIBITION—CITY COUNCIL—CITY BONDS—ISSUANCE OF—PROCEEDINGS OF COUNCIL—ELECTION—PURCHASE OF CITY HALL—VALIDITY OF BONDS.

1. *Held,* that the city of Gooding can legally vote bonds for the purpose of purchasing an existing building for a city hall, and that the entire proceedings in calling the election and voting the bonds and canvassing the results and the notice of the sale of the bonds and all other proceedings in relation thereto were regular and legal.

Original application for a writ of prohibition. Alternative writ issued. Writ quashed and peremptory writ denied.

W. G. Bissell, for Plaintiff.

A. F. James, for Defendants.

Counsel cite no authorities.

SULLIVAN, C. J.—This is an original application in this court for a writ of prohibition to restrain and prohibit the city of Gooding and its mayor and council from issuing or selling negotiable coupon bonds of said city in the sum of $9,500, or any other sum, for the purpose of purchasing a building for use as a city hall for said city.

The alternative writ was issued and the defendants made return, setting up that the city had complied with all of the provisions of the law in regard to calling and holding an election for the purpose of permitting the qualified electors of said city to vote upon the issuance of said bonds and all proceedings connected therewith.

The main contention of the plaintiff at the time of filing the complaint was that the notice of election was not published as required by law. It was afterward ascertained by

counsel for the plaintiff that said notice had been properly published in the "Gooding Leader," a newspaper published in the city of Gooding, and the questions now presented for determination are:

1. Could the city of Gooding lawfully vote bonds for the purpose of purchasing an existing building for the use of said city as a city hall?

2. Has the city of Gooding jurisdiction and authority to expend the funds arising from the sale of such bonds for the purchase of such existing building for said city to be used as a city hall?

3. Were the proceedings of said city council in regard to the issuance of said bonds prior to the calling of the election, the proceedings calling the election, the election held thereunder and the proceedings of the city council as a board of canvassers and the notice of sale of bonds regular and legal?

After a careful examination of the record and the proceedings in relation to the issuance of said bonds, the court answers all of those questions in the affirmative, and holds that the city of Gooding could lawfully issue bonds for the purpose mentioned and that all of the proceedings in regard to voting and the issuance of said bonds were regular and legal and that such bonds are the valid and legal obligations of said city.

The alternative writ is quashed and the peremptory writ denied.

Budge and Morgan, JJ., concur.